**In re BALCAIN EQUIPMENT CO., INC., Debtor.**

**Charles E. COVEY, Trustee, Plaintiff,**

v.

**FIRST NATIONAL BANK IN EAST PEORIA, a Banking Corporation, Defendant.**

**Bankruptcy No. 86–82278.**
**Adv. No. 87–8155.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 14, 1987.

Charles E. Covey, Peoria, Ill., Trustee.

Craig W. Stensland, Kavanagh, Scully, Sudow, White & Frederick, P.C., Peoria, Ill., for defendant.

OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard on the Trustee's motion for summary judgment. The facts and the issue in this case are straightforward. The Debtor gave the bank a security interest in

"all accounts receivable now existing or hereafter arising; all inventory held in connection with the business of borrower".

Subsequently, the bank took possession of the Debtor's inventory. The Debtor filed its Chapter 7 proceeding, and the Trustee filed a preference action to recover the value of the inventory on the theory that as to after acquired inventory the bank was not a secured creditor. The issue is whether the language of the security agreement granted the bank a security interest in after acquired inventory.

Section 9–204 of the Uniform Commercial Code (Ill.Rev.Stat.1985, Ch. 26, para. 9–204) provides that

"a security agreement may provide that any and all obligations covered by the security agreement are to be secured by after acquired collateral."

Legal writers have long thought that in order for a security interest to cover after acquired collateral, the security agreement must clearly spell out that after acquired collateral is being claimed. Professor Gilmore in Volume 1 of his book *Security Interests in Personal Property*, Section 11.6, (1965), states as follows:

"The language of Section 9–204(3) evidently requires that the security agreement, if the security interest is to extend to after-acquired property, contain a clause which expressly so provides. This might be described as an additional formal requisite—additional, that is, to the formal requisites of Section 9–203 previously discussed; it is the 'security agreement' which must 'provide' for the coverage of after-acquired property and parol evidence would presumably not be admissible to prove the intention of the parties in the absence of an express clause in the agreement. It should be noted that there is no comparable requirement in Section 9–402 which sets forth the formal requisites for financing statements; it is not necessary that a financing statement disclose that after-acquired property is covered by the security agreement."
(Footnotes omitted) [1]

*See* also 2 W.D. Hawkland, *A Transactional Guide to the Uniform Commercial Code*, para. 2.320101, (1964).

This Court recognizes there are numerous cases which in essence hold a security agreement need not contain specific after acquired language, on the theory that inventory, by its nature, is constantly turning over, and as a matter of common sense, the parties generally intend to secure after acquired inventory. *See In re Gary & Connie Jones Drugs, Inc.,* 35 B.R. 608 (Bkrtcy. 1983). However, this Court is of the opinion the Uniform Commercial Code contemplates the security agreement should clearly spell out any claims to after acquired

collateral. While a third party familiar with the use of floating lien financing might be alerted by a reference to "inventory" to the possibility after acquired inventory was intended to be covered, it can equally well be said a subsequent creditor might expect the parties to make explicit an intention to include this kind of property. *See, In re Middle Atlantic Stud Welding Co.,* 503 F.2d 1133 (3rd Cir.1974). The bank could have avoided a loss of collateral by careful drafting. *See, In re Schmaling,* 783 F.2d 680, (7th Cir.1986).

Furthermore, to accept the bank's argument would require this Court to ignore the total language contained in the security agreement. The security agreement specifically provides after acquired accounts receivable are covered. Similar language is not used to describe the security interest in inventory. A reasonable interpretation of the language of the security agreement is the bank was granted a security interest in after acquired accounts receivable, but not after acquired inventory. This Court therefore holds the bank does not have a security interest in after acquired inventory.

---

1. This discussion involves the 1962 version of the Uniform Commercial Code, but is likewise applicable to the 1972 version which governs this particular case.